# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BIOVERIS CORPORATION | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. DKC-04-2264 |
| | : | |
| ALAN D. JERNIGAN | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

On April 4, 2005, the Honorable Deborah K. Chasanow referred this matter to me in accordance with 28 U.S.C. § 636 for a determination of damages after the entry of default. *See* Docket No. 30. A damages hearing was convened on June 23, 2005. Cynthia Whitman, the Manager of Human Resources, attended on behalf of BioVeris Corporation along with its counsel, Jeffrey Schwaber and Karen Shapiro. Defendant Jernigan was absent.[1]

## PROCEDURAL BACKGROUND

On June 17, 2004, Plaintiff filed a Verified Complaint for Injunctive Relief and Damages and the Consent Motion for Grant of Temporary Restraining Order and Preliminary Injunction in the Circuit Court for Montgomery County, Maryland. Defendant Jernigan was served with process on June 26,

---

[1] On April 27, 2005, the undersigned sent, by regular mail and certified mail/return receipt requested, a letter order to Defendant Jernigan informing him that a damages hearing would be held on June 23, 2005 at 10:00 am. On May 5, 2005, L. Jernigan, an agent, signed the return receipt card and accepted the certified mail. At the damages hearing, the undersigned inquired about L. Jernigan and Cynthia Whitman testified that Defendant Jernigan's wife is named Lee Ann. The letter sent by regular mail was not returned to the court and presumably was received by Defendant Jernigan.

1

2004. Defendant Gerald P. Andros[2] filed a Notice of Removal. *See* Docket No. 1. The case was removed from State Court to Federal Court on July 19, 2004. *See* Docket No. 12.

Plaintiff accuses Defendant Jernigan of multiple offenses stemming from Defendant Jernigan establishing a company, misrepresenting to the outside world that Defendant Jernigan's company had a relationship with Plaintiff and exploiting Plaintiff's Confidential and Proprietary Information. Plaintiff further accuses Defendant Jernigan of utilizing Plaintiff's property to create the competing business and to solicit and entice Plaintiff's employees, clients and contractors away from Plaintiff. No responsive pleading was filed by Defendant Jernigan. On March 30, 2005, the Clerk of Court entered a default against Defendant Jernigan. *See* Docket No. 29.

## FACTUAL FINDINGS

1. Plaintiff employed Defendant Jernigan as the Director of Training from September 30, 2002 to June 15, 2004. Compl. ¶ 8.

2. On December 18, 2003, Defendant Jernigan entered into an agreement (*Employee Non-Disclosure And Non-Solicitation Agreement*) with Plaintiff. *See* Pl.'s Exhibit 7.

3. By signing this agreement, Defendant Jernigan acknowledged that he would have access to Plaintiff's Confidential or Proprietary Information. Defendant Jernigan recognized and agreed that the Confidential or Proprietary Information is the sole and exclusive property of Plaintiff.

4. By signing the agreement, Defendant Jernigan agreed to use the Confidential or Proprietary Information exclusively for Plaintiff's benefit. "Except in the course of the performance of

---

[2] Defendant Andros settled with Plaintiff and the case against Defendant Andros was dismissed with prejudice on December 14, 2004. *See* Docket No. 26.

services for BioVeris, Employee will hold in confidence and not use, reproduce, distribute, transmit, . . . or transfer, directly or indirectly, in any form, by any means, or for any purpose, the . . . Confidential or Proprietary Information of BioVeris or any portion thereof without the prior written consent of the President of BioVeris." *Employee Agreement* ¶ 2.1.1.

     5.     The *Employee Agreement* includes provisions on non-solicitation of customers and employees. There is also a remedy provision if the employee breaches the agreement.

     6.     In or about June 2004 Plaintiff discovered Defendant Jernigan breached the *Employee Agreement*. Defendant Jernigan was terminated on June 15, 2004. Plaintiff determined Defendant Jernigan's breach occurred, at a minimum, during a 12 week period, *i.e.*, March 24, 2004 to June 15, 2004.

     7.     Pursuant to the *Employee Agreement*, "BioVeris shall be entitled to recover all damages, losses and costs, including attorneys' fees, incurred by BioVeris as a result of or arising from Employee's breach." *Employee Agreement* ¶ 6.1.

     8.     Cynthia Whitman, Manager of Human Resources for Plaintiff, computed and/or directed the computation of damages allocable to Defendant Jernigan's breach.

     9.     Defendant Jernigan's e-mail messages from March 24, 2004 to June 15, 2004 were reviewed and analyzed. It was determined that eighty-one (81) percent of the e-mails received and sent by Defendant Jernigan during this period related to the separate business activity Defendant Jernigan established.

     10.     Plaintiff uses a formula of 81 percent in calculating its damages.

     11.     Defendant Jernigan's gross weekly salary in 2004 was $3,505.10. That amount

multiplied by 12 (weeks) equals $42,061.20. That amount multiplied by 81 percent equals

*$34,069.57*,[3] the amount of damages Plaintiff is entitled to recover.

12.     Twenty-one percent of Defendant Jernigan's weekly gross salary included employee benefits such as health insurance, life insurance, and short and long term disability. Twenty-one percent of $3,505.10 equals $736.07. That amount multiplied by 12 (weeks) equals $8,832.85. That amount multiplied by 81 percent equals *$7,154.61*,[4] the amount of damages Plaintiff is entitled to recover.

13.     While an employee of BioVeris Defendant Jernigan's family resided in Texas. BioVeris is headquartered in Gaithersburg, Maryland. Plaintiff provided accommodations in Maryland for Defendant Jernigan during his employment with the company.

14.     Defendant Jernigan shared an apartment with two BioVeris employees.[5] All expenses (rent plus utilities[6]) of the apartment were paid by Plaintiff. The Apartment Lease Agreement (Plaintiff's Exhibit 2) began December 1, 2003 and ended November 30, 2004.

15.     Defendant Jernigan resided in the leased apartment during the twelve week period of March 24, 2004 to June 15, 2004. The monthly rent for the apartment was $1,650.00. That amount divided by three equals $550.00. Plaintiff prorated for the partial months of March and June. For utilities, cable, telephone and cleaning services ("utilities"), Plaintiff divided the figure by three. These

---

[3] At the hearing Plaintiff presented a *Damages Worksheet* as a demonstrative exhibit. Plaintiff computed salary damages as $34,069.96. The court discovered a mathematical error of 39 cents.

[4] On the *Damages Worksheet* Plaintiff calculated employee benefits damages as $7,154.69. The court discovered a mathematical error of 8 cents.

[5] Defendant Andros was one of the employees residing in the apartment.

[6] Cable television, electricity, gas, water, telephone and cleaning services. *See* Plaintiff's Exhibit 3.

additional expenses associated with the apartment are listed on Plaintiff's Exhibit 3. Plaintiff multiplied the rent figure and the utilities figure by 81 percent. Plaintiff is entitled to recover *$1,510.66* as damages.

16. After Plaintiff dismissed Defendants Jernigan and Andros, Plaintiff sought to mitigate it losses. Plaintiff terminated early the lease of the apartment. Plaintiff had to pay a termination fee of $1,650.00 as documented on Plaintiff's Exhibit 4. One third of $1,650.00 is *$550.00*, the amount of damages Plaintiff is entitled to recover.

17. As part of his employment Defendant Jernigan was provided a cell phone at company expense. Plaintiff's Exhibit 5 are the invoices from AT&T Wireless for the cell phone assigned to Defendant Jernigan plus copies of the checks showing payment of these invoices by Plaintiff. The invoice dated April 13, 2004 totals $263.28; the invoice dated May 13, 2004 totals $166.27; the invoice dated June 13, 2004 totals $225.76; the invoice dated July 13, 2004 totals $137.94. The invoices paid by Plaintiff for this four month period totals $793.25.

18. Plaintiff did not review each individual call in computing damages. Instead, Plaintiff excluded calls before March 24, 2004 and after June 15, 2004. Further, Plaintiff applied the 81 percent formula to compute damages. Plaintiff is entitled to recover *$430.28* as damages.

19. During his employment Defendant Jernigan was provided a laptop computer. Plaintiff reclaimed the laptop computer upon terminating Defendant Jernigan.

20. Ms. Whitman requested an analysis of the laptop computer's depreciation which is reflected on Plaintiff's Exhibit 6. The monthly depreciation amount is $82.92. That figure multiplied by

three[7] equals $248.76. That figure multiplied by 81 percent equals *$201.50*, the amount of damages Plaintiff is entitled to recover.

21.  The law firm of Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C. ("Stein Sperling") represents Plaintiff in this litigation. Plaintiff has incurred attorneys' fees arising from Defendant Jernigan's breach of the *Employee Agreement*. *See* Plaintiff's Exhibit 8.

22.  Ms. Whitman has reviewed the invoices to determine charges allocable to Defendant Jernigan as opposed to Defendant Andros. There were some fees incurred for legal work arising from both Defendant Jernigan's and Defendant Andros' breaches. Those fees were prorated by splitting them in half and Plaintiff only seeks the prorated amount for Defendant Jernigan.

23.  The invoices reflect charges for legal work through June 21, 2005. Ms. Whitman is aware that Stein Sperling has spent additional time preparing for the damages hearings. Although Ms. Whitman has not been provided with an invoice for this additional time, she understands that the attorneys' fees sought include post-June 21, 2005 work.

24.  Plaintiff has paid or taken responsibility to pay for all attorneys' fees incurred.

25.  The total attorneys' fees and costs attributable to Defendant Jernigan's breach is *$27,564.24*, the amount of damages Plaintiff is entitled to recover.

---

[7] Defendant Jernigan's breach occurred over a 12 week period or three months.

**RECOMMENDATION**

1.	That judgment be entered in favor of Plaintiff, BioVeris Corporation, and against Defendant, Alan D. Jernigan, in the amount of *$71,480.86*.


	Respectfully submitted

	/s/

	William Connelly
	United States Magistrate Judge


July 28, 2005